**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**MARIO JARA,**

        **Plaintiff,**

    **v.**                                **CASE NO. 10-3245-SAC**

**UNITED STATES**
**OF AMERICA, et al.,**

        **Defendants.**

### O R D E R

This civil complaint was filed pro se by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL). Plaintiff names as defendants the United States; C. Chester, Warden, USPL; and Mr. (FNU) Mason, Food Service, USPL. He asserts jurisdiction under various provisions including 28 U.S.C. §§ 1331, 1346; 42 U.S.C. § 1983;[1] the Federal Tort Claims Act, the Eighth Amendment, and both the Kansas and the United States Constitutions.

As the factual background for his complaint, Mr. Jara alleges the following. On May 1, 2010, defendant Mason called all food service employees to come to food service, which included plaintiff. Defendant Mason told the group that they had to work in the garden, that no one showed up that morning, that if they did not show up tomorrow they would receive an incident report, and then told them to get out. Plaintiff remained and asked Mason where his $150 was from working in the garden last year. Mason yelled and cussed at plaintiff, and while doing so was spitting tobacco in plaintiff's

---

[1] This action is not properly brought under 42 U.S.C. § 1983, as neither the United States nor its federal employees act under color of state law. Thus, the court rejects this basis for jurisdiction.

face.  Mason "punched" plaintiff in the chest with his finger and told him Mr. Rangel was supposed to pay him not Food Service.  Mason later told plaintiff he must "do extra duty" if he did not want an incident report, and that he was only going to be paid $5.00 next month."

Plaintiff claims he has suffered and continues to suffer emotional distress from this incident and that he was subjected to cruel and unusual punishment.  He also claims he suffered physical abuse in front of others which caused him to suffer humiliation, mental anguish and emotional distress, as well as to be nervous and fearful.  He seeks money damages against the United States,[2] and compensatory and punitive damages from the defendants in their individual capacities.

Plaintiff alleges that he has exhausted administrative remedies.  He exhibits that he filed an administrative claim pursuant to the Federal Tort Claims Act that was denied on November 18, 2010, citing a lack of personal injury.

Under D.Kan.Rule 9.1(a), plaintiff must submit his complaint on a court approved form.  He shall be provided forms and given time to comply with this rule.  If he fails or refuses to comply, this action may be dismissed without further notice.

**FILING FEE**

The court notes that Mr. Jara filed a prior lawsuit on this

---

[2] The United States is absolutely immune to civil suit for money damages.  Instead, plaintiff must seek damages from the individuals who actually participated in the alleged violation of his constitutional rights.  On the other hand, if plaintiff were proceeding under the FTCA only, the United States would be the sole defendant.

2

incident, and takes judicial notice of the case file in <u>Jara v. Chester</u>, Case No. 10-3144 (Oct. 19, 2010)(voluntarily dismissed by plaintiff).  He was informed in his prior action that the filing fee for a civil complaint is $350.00, and that an action cannot proceed until the fee is satisfied in one of two ways.

The fee for filing this civil rights complaint in federal court is $350.00.  Mr. Jara has neither paid the filing fee for this action nor submitted a motion to proceed without prepayment of fees.  This action may not proceed unless and until he satisfies the filing fee in one of these two ways.  He will be provided the appropriate forms for a motion to proceed without prepayment of fees.  If he files such a motion, in addition to the completed motion and poverty affidavit on court-provided forms, 28 U.S.C. § 1915 requires that he also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

Plaintiff is forewarned that under § 1915(b)(1), being granted leave to proceed without prepayment of fees will not relieve him of the obligation to pay the full amount of the $350.00 filing fee.  Instead, it merely entitles him to pay the fee over time through payments that will be automatically deducted from his inmate trust fund account pursuant to § 1915(b)(2).[3]  In addition, once the court views his financial information, it is required to assess an initial

---

[3] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee is paid in full.

3

partial filing fee that must be paid up-front if funds are available.

Mr. Jara will be given time to satisfy the filing fee in one of the two ways discussed herein. If he fails to do so within the time allotted, this action may be dismissed without further notice.

**SCREENING**

Because Mr. Jara is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) and (b).

This court has jurisdiction under 28 U.S.C. § 1331 over claims that a federal constitutional right has been violated. Having considered all materials filed, the court finds that Mr. Jara falls far short of alleging facts establishing that he was subjected to cruel and unusual punishment or any other violation of a federal constitutional right.

The unnecessary and wanton infliction of pain by a prison official is prohibited by the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 319-21 (1986). However, verbal abuse, without more, has long been held not to arise to the level of a federal constitutional violation. Barney v. Pulsipher, 143 F.3d 1299, 1311 (10th Cir. 1998)(severe verbal harassment alone is not sufficient to state a claim under the Eighth Amendment); Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992)(verbal harassment, without more, does not state an arguable constitutional claim). Moreover, the single finger-poking incident described by plaintiff, taken as

4

true, also fails to amount to cruel and unusual punishment. De minimis applications of force are necessarily excluded from the cruel and unusual punishment inquiry. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). Thus, not every push or shove or malevolent touch by a prison guard violates a prisoner's constitutional rights. Id. The events described by plaintiff simply are not shown to have involved force of the sort that is "repugnant to the conscience of mankind."

In addition, an inmate may not bring a federal cause of action for mental or emotional injury absent a prior showing of physical injury. 42 U.S.C. § 1997e(e). The statute provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Asserting that alleged constitutional violations have caused emotional trauma does not satisfy the statutory prerequisite that plaintiff make a showing of a prior physical injury from the defendants' conduct.

Plaintiff is given time to show cause why this action should not be dismissed for failure to state a federal constitutional claim. If he does not file a satisfactory response within the time allotted, this action will be dismissed without further notice.

Plaintiff is notified that this action may be treated as a "prior occasion" under 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger

5

of serious physical injury.

Id. Should Mr. Jara receive two more "strikes", he will be required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury." 28 U.S.C. 1915(g); Jennings v. Natrona County Detention Center, 175 F.3d 775, 778 (10th Cir. 1999); see also Ibrahim v. District of Columbia, 463 F.3d 3, 6 (D.C. Cir. 2006)("Congress enacted the PLRA primarily to curtail claims brought by prisoners under 42 U.S.C. 1983 and the Federal Tort Claims Act, most of which concern prison conditions and many of which are routinely dismissed as legally frivolous.").

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to submit his complaint upon forms provided by the court, to satisfy the filing fee of $350.00 in one of the two ways discussed herein, and to show cause why this action should not be dismissed for failure to state a federal constitutional claim and treated as a strike.

The clerk shall send forms to plaintiff for filing a § 1331 complaint and for a motion to proceed without prepayment of fees.

**IT IS SO ORDERED.**

**DATED: This 7th day of January, 2011, at Topeka, Kansas.**

                                        s/Sam A. Crow
                                        **U. S. Senior District Judge**